Submitted August 29, ballot title certified October 16, 1979

# LEAGUE OF WOMEN VOTERS OF OREGON, INC., et al,
*Petitioners,*

*v.*

# PAULUS,
*Respondent.*

## (SC 26449)

601 P2d 763

Stephen W. Hewitt, Portland, filed the brief for petitioners.

Donald C. Arnold, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

DENECKE, C. J.

**DENECKE, C. J.**

This is a proceeding to review the ballot title for a proposed initiative measure. The title was prepared by the Attorney General. The League of Women Voters of Oregon and another organization, 1000 Friends of Oregon, were dissatisfied with the title and, pursuant to ORS 254.077, petitioned this court asking that we certify a different title.

The proposed initiative measure would amend the Oregon Constitution. It provides:

> "If at the time a person acquired a lawfully created parcel of land the right to establish a single family dwelling was a permitted use on such parcel, that use shall not be denied such person as a result of zoning, rezoning, by the adoption or amendment of a comprehensive land use plan or by changing the text of a zoning code."

The format for ballot titles was changed by Chapter 675, Oregon Laws 1979. The law continues to provide that the title shall consist of a caption of no more than 10 words and a statement of no more than 75 words stating the chief purpose of the measure. However, the 1979 amendment added the requirement that the title shall contain:

> "A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; * * *." § 143, ch 190.

■ The Attorney General prepared a caption reading, "PRESERVES EXISTING RIGHT TO ESTABLISH SINGLE FAMILY DWELLING ON PROPERTY." The petitioners charge this is inaccurate and misleading because a landowner presently has no "right" to build in a certain manner; rather, property is held subject to the valid exercise of planning and zoning powers by state and local agencies. The municipality may change the zoning classification of any parcel, and the property owner possesses no vested right to later undertake a previously permitted use. Hence, say the petitioners,

it is misleading to describe the effect of the amendment as preserving an existing right. Rather, the amendment would create the right to build single family dwellings for a limited class of property owners, regardless of subsequent zoning amendments.

We agree with the petitioners that the caption proposed by the Attorney General mistakenly implies that an affirmative vote would merely preserve the status quo. Our resolution of this problem is to certify a caption reading, "PROHIBITS GOVERNMENT FROM DENYING ESTABLISHMENT OF CERTAIN SINGLE FAMILY DWELLINGS."

■ The Attorney General proposed a question asking, "Shall right, existing when owner acquired property, to establish single family dwelling be preserved for that owner despite rezoning action?" For the reasons which caused us to change the caption, the question certified is, "If establishing single family dwelling was permitted when owner acquired property, shall zoning denying the owner such use be prohibited?

The proposed explanation prepared by the Attorney General reads:

"Measure proposes adding a section to the Oregon Constitution. The new section would provide that if a single family dwelling was a permitted use at the time the owner acquired a parcel of land, the owner continues to have the right to establish a single family dwelling on that parcel in spite of later changes in planning or zoning regulations made by local governments."

Again, for the same reasons we changed the caption and the question, we certify the following explanation:

"Measure proposes adding a section to the Oregon Constitution. The new section would provide that if a single family dwelling was a permitted use at the time the owner acquired the land, the government cannot deny that owner the right to establish a single family dwelling on that land by changing the zoning code or the comprehensive land use plan."

Title certified as above stated.